UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 6:05-453

LAKE CUMBERLAND MARINE, L.L.C.,                                PLAINTIFF

v.                                **OPINION & ORDER**

JAMES R. ANDREWS,                                                  DEFENDANT

\* \* \* \* \* \* \* \* \*

       Defendant, James R. Andrews, filed a Motion to Dismiss (Rec. No. 7) Plaintiff Lake Cumberland Marine's breach of contract claim because it constituted a compulsory counterclaim that should have been pled in a pending Alabama state court action. For the reasons stated below, the Motion to Dismiss is DENIED.

       Generally, "the pendency of a state court proceeding is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *McClellan v. Carland*, 217 U.S. 268, 282 (1910) and *Jackson Hewitt, Inc. v. J2 Financial Services, Inc.*, 901 F. Supp. 1061, 1064 (E.D. Va. 1995). The Supreme Court has stated that federal courts should surrender their jurisdiction in favor of pending state actions only where "there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Moses H. Cone Mem'l Hosp. V. Mercury Constr. Corp.*, 460 U.S.1, 25-26 (1983) (emphasis in original).

       The fact that Plaintiff, Lake Cumberland Marine, did not raise the claim in the pending Alabama proceeding is not dispositive and the court is not required to dismiss the action for the sole reason that the claim is a compulsory counterclaim under Alabama state law. *See generally Truserv*

*Corp. V. Flegles, Inc.*, 419 F.3d 584 (7th Cir. 2005) *cited in Chellman-Shelton v. Glenn*, 2006 Fed. App. 0529N (6th Cir. 2006) (unpublished). Accordingly, the Motion to Dismiss (Rec. No. 7) will be DENIED.

However, the Court may or may not be required to abstain from deciding plaintiff's claim according to principles set forth in *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976). In the pleadings currently before the court, the Defendant, James R. Andrews, has not addressed whether the Court should abstain from this matter. If the Defendant wishes to file a Motion to Abstain, any such motion should be filed within 30 days of the entry date of this Order. Response and reply briefs will be permitted according to local rules.

This the 13th day of September, 2006.

Signed By:

*Karen K. Caldwell* KKC

United States District Judge